Daniel M. Cislo, Esq., No. 125,378
 dancislo@cislo.com
David B. Sandelands, Esq., No. 198,252
 dsandelands@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
Telephone: (310) 979-9190
Telefax: (310) 394-4477

Attorneys for Plaintiff,
MR. T

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR.T, an Individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LEAFLY HOLDINGS, INC., a Washington corporation, and Does 1-9, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-cv-07286<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION UNDER SECTION 43(A) OF THE LANHAM ACT**<br><br>**(2) COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**(3) VIOLATION OF RIGHT OF PUBLICITY UNDER STATE LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Laurence Tureaud ("Mr. T") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for false designation of origin and false representation under the Lanham Act, common law trademark infringement, and violation of right of publicity under California Civil Code § 3344 against defendants Leafly and Does 1-9, collectively ("Defendants").

2. Plaintiff Mr. T seeks injunctive relief, as well as attorneys' fees and costs of suit, against Defendants for false designation of origin and false representation under the Lanham Act, common law trademark infringement, and violation of Plaintiff's right of publicity pursuant to California state law, for Defendants use of the mark Mrt on cannabis products which Plaintiff alleges is confusingly similar to Plaintiff's MR. T mark. Plaintiff does not seek money damages against Defendants.

3. The false designation of origin and false representation claims arise under the Federal Trademark Act ("The Lanham Act") of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. The trademark infringement claim arises under common law and the right of publicity claim arises under California Civil Code § 3344.

4. This Court has subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331 and 1338(a) as it arises under Acts of Congress related to trademarks. The Court has subject matter jurisdiction over the common law trademark infringement claim and the state violation of right of

publicity claim pursuant to 28 U.S.C. § 1367, as the facts giving rise to those claims arise from the same common nucleus of operative facts.

5. This Court has personal jurisdiction over Leafly as it is doing business in this judicial district by operating the website, www.leafly.com, which advertises, displays, provides information about cannabis strains, and provides a connection for users to dispensaries that carry the exact strains they are looking for, including dispensaries in Los Angeles. In fact, the website claims that the cannabis product available, that is, the offending listing for the Mr. T phenotype of cannabis, is available only for a limited time at Buds & Roses in Los Angeles, see https://www.leafly.com/hybrid/mr-tusk. It is also believed that Leafly has sold and is selling products to customers in this judicial district by way of Leafly's website.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Leafly committed acts of infringement and violated Mr. T's right of privacy in this judicial district.

## PARTIES

7. Plaintiff Laurence Tureaud ("Mr. T") is an individual residing in Los Angeles County, California. Mr. T is seeking injunctive relief with respect to his claims presented in this complaint. Mr. T is not seeking monetary damages on his claims to prevent Leafly from receiving a defense of its claims from any insurance carrier, and the amount of economic damages is not known.

8. Defendant Leafly Holdings, Inc. ("Leafly") is a Washington corporation, having its principal place of business at 71 Columbia Street, Suite 200, Seattle, WA 98104.

9. The defendants named herein as Does 1 through 9, inclusive are unknown to Plaintiff Mr. T, who therefore sues such "Doe" defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each fictitiously named "Doe" defendant is in some manner, means or degree responsible for the events and happenings herein alleged. Plaintiff will amend this complaint to assert the true names and capacities of the fictitiously designated "Doe" defendants when the same have been ascertained.

10. Plaintiff Mr. T is informed and believes and thereon alleges that defendants Leafly and Does 1 through 9 sell and falsely advertise cannabis products under the mark Mrt which infringes upon Plaintiff's Mr. T mark in violation of state and federal trademark law.

11. Plaintiff Mr. T is informed and believes, and thereon alleges, that in performing the abovementioned acts Defendants Leafly and Does 1 through 9, inclusive, and each of them, were the actual, implied or ostensible agents, servants, employees, partners, joint venturers, alter egos and/or co-conspirators of one another, and were at all relevant times described herein acting on behalf of one another within the course and scope of such agency, servitude, employment, partnership, joint venture, alter ego relationship and/or conspiracy. Plaintiff is further informed and believes, and thereon alleges, that each defendant, whether expressly or fictitiously named, committed the acts or omissions described herein with the full knowledge, consent, authority and/or ratification of some or all of the other defendants.

///

///

## FACTUAL ALLEGATIONS

12. Plaintiff Mr. T, an individual located in Sherman Oaks, California is widely known throughout the world as an actor, entertainer, and motivational speaker.

13. Mr. T is the exclusive owner of his persona, including his name, nickname, voice, image, performing style, distinctive character, and likeness.

14. Mr. T has licensed his name and image for use in connection with the sale of numerous products and memorabilia tied to his past performances, well-known, quotations, and in general his positive motivational character, products and memorabilia including clothing such as shirts, sweatshirts, jackets, and hats, pillows, action figures, posters, household products, and the like.

15. Mr. T has been Plaintiff's official name starting on or around April 5, 1982 and since then, has been using the name Mr. T and the trademark MR. T in connection with his third party licensing endeavors since at least 1981, a period of over 38 years.

16. Mr. T has authorized substantial marketing and promotion of MR. T branded products via his duly authorized licensees, leading to substantial sales volume, critical acclaim, and widespread public recognition of the MR. T licensed products.

17. As a result, Mr. T's MR. T trademark is well known throughout the United States, and Mr. T has developed substantial goodwill and recognition among his customers and the public at large in his MR. T trademark and products.

18. Regarding Mr. T's public persona, he is an actor and television personality and a retired professional wrestler. He is known for his roles in the television series The A-Team and Silver Spoons, and the movie Rocky III, released in 1982.

19. As a professional wrestler, he was Hulk Hogan's partner at the World Wrestling Federation's WrestleMania.

20. Since the 1980's to the present, Mr. T has continued to uphold his positive, motivational, and upstanding persona by engaging activities and events that support all people, including children and those in need.

21. Leafly is using Mr. T's persona and trademark on its website https://www.leafly.com/hybrid/mr-tusk, a copy of the use is below:



22. By letter dated February 13, 2019 from his attorneys, Mr. T previously advised Leafly of Mr. T's rights to the MR. T trademark and Mr. T's right of publicity and demanded that Leafly stop the offending activity. A true and correct copy of the letter is attached as Exhibit 1 to this complaint. Leafly responded on February 27, 2019 and did not comply with the demands made in the letter, requiring Mr. T to bring this action to enforce Mr. T's rights. A true and correct copy of the letter is attached as Exhibit 2 to this complaint.

23. By letter dated March 14, 2019 from his attorneys, Mr. T reiterated his rights to Leafly and proposed several demands seeking resolution of the

matter. A true and correct copy of the letter is attached as Exhibit 3 to this complaint.

24. On May 10, 2019, Leafly responded from its attorneys again refuting any claims of trademark infringement. Counsel did not address the right of publicity violations. A true and correct copy of the letter is attached as Exhibit 4 to this complaint.

25. On May 17, 2019, by way of his attorneys, Mr. T responded to counsel for Leafly refuting Leafly's position, continuing his demands, and proposing a resolution. A true and correct copy of the letter is attached as Exhibit 5 to this complaint.

26. Leafly and its counsel did not respond.

## FIRST CAUSE OF ACTION
### (For False Designation of Origin and False Representation as against all Defendants)

27. Plaintiff realleges and incorporates paragraphs 1 through 26 above as though fully set forth herein.

28. Defendants' unauthorized use in commerce of their confusingly similar Mrt mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' cannabis product and is likely to cause consumers to believe, contrary to fact, that Defendants' product is sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

29. Defendants' unauthorized use in commerce of the confusingly similar Mrt mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

30. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

31. Defendants' conduct as alleged herein constitutes false designation of origin and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendants' willful acts of unfair competition are likely to cause, and upon information and belief have caused and are causing, great and irreparable injury to Plaintiff and his MR. T mark and to the business reputation and goodwill represented thereby. Unless defendants are restrained, Plaintiff will have no adequate remedy at law that will compensate for the continued and irreparable harm he will suffer if Defendants' infringing acts are allowed to continue.

33. As a direct result of Defendants' conduct, Plaintiff has suffered injury and is entitled to injunctive relief, and is further entitled to his attorneys' fees and costs under Sections 34 and 35 of the Lanham Act 15 U.S.C. §§ 1116 and 1117.

## SECOND CAUSE OF ACTION
## (For Common Law Trademark Infringement
## as against all Defendants)

34. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

35. Mr. T owns and uses his MR. T trademark and enjoys common law rights in the trademark in California and throughout the United States in connection with his duly licensed products. Those rights are senior and superior to any rights which Leafly may claim in and to its infringing mark.

36. Leafly's use of the confusingly similar MR. T mark in commerce is intentionally designed to mimic Mr. T's trademark so as to likely cause confusion regarding the source of Leafly's products, in that purchasers thereof will be likely to associate such products with, as originating from, or as approved by Mr. T, all to the detriment of Mr. T.

37. Leafly's infringement will continue unless enjoined.

## THIRD CAUSE OF ACTION
## (For Violation of Right of Publicity Pursuant to
## California Civil Code § 3344)

38. Mr. T repeats and incorporates the allegations set forth in paragraphs 1 through 37 above as though fully set forth herein.

9

39. Mr. T has been officially known by the name Mr. T since 1982, having legally changed his name then, and has rights in his name, likeness, voice, and persona based upon his past activities and performances on television, feature films, professional wrestling, and volunteer outreach related efforts.

40. Mr. T's likeness is wholly associated with himself and is deserving of having his Right of Publicity adequately protected.

41. Leafly has knowingly used Mr. T's name in connection with a cannabis strain for the purpose of advertising or selling, or soliciting purchases of, cannabis products without Mr. T's prior consent.

42. The use of Mr. T's name was for advertising purposes of a cannabis strain.

43. There is a direct connection between the use of "Mr. T" and the commercial purpose of advertising a cannabis strain as it is listed on the Leafly website as Mr. T as shown below:



44. Leafly's acts constitute a violation of Mr. T's Right of Publicity in violation of the California Civil Code § 3344.

45. Mr. T alleges that the acts violating his Right of Publicity undertaken by Leafly were intentionally and knowingly undertaken and were directed toward capitalizing on Mr. T's positive and world-renowned reputation and was done with a willful disregard of his publicity rights.

10

46. By reason of Leafly's acts violating his Right of Publicity, Mr. T has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Leafly from any further acts violating his publicity right. Leafly's continuing acts in violation of Mr. T's Right of Publicity, unless enjoined, will cause irreparable damage to Mr. T in that it will have no adequate remedy at law to compel Leafly to cease such acts. Mr. T will be compelled to prosecute a multiplicity of actions, one action each time Leafly commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Mr. T adequate relief. Mr. T is therefore entitled to an injunction against further conduct that violates his rights by Leafly.

## PRAYER FOR RELIEF

WHEREFORE, Mr. T demands judgment against Leafly and Does 1-9, as follows:

A. For an order permanently enjoining Leafly and Does 1-9, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them, from: (1) committing any further acts of trademark infringement, including using the MR. T name in connection with any advertisement, solicitation, or sale of cannabis products; (2) using any term that is likely to be confused with the MR. T trademark asserted in this complaint; (3) representing directly or indirectly in any form or manner whatsoever that any product Leafly and/or Does 1-9 offer for sale is associated with or approved by Mr. T when, in fact, it is not; and/or (4) passing off or inducing or enabling others to sell or pass off any non-Mr. T product as an Mr. T product or as a

11

product endorsed or approved by Mr. T; or (5) committing any further acts of unauthorized uses of Mr. T's name or likeness for commercial and certain other exploitative purposes;

B. For an order directing Leafly and Does 1-9 to file with this Court and to serve on Mr. T within thirty (30) days after service on Leafly of each injunction granted as a result of this action, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Leafly has complied with the injunction and order of the Court;

C. For an award of costs, including attorneys' fees, incurred in bringing this action;

D. For a judgment awarding Mr. T prejudgment and post-judgment interest until the award is fully paid by Leafly; and

E. For such other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: August 22, 2019         /s/Daniel M. Cislo
                               Daniel M. Cislo, Esq.
                               David B. Sandelands, Esq.

                               Attorneys for Plaintiff,
                               Mr. T

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint that are so triable.

                                    Respectfully submitted:
                                    CISLO & THOMAS LLP

Dated: August 22, 2019       /s/Daniel M. Cislo
                                    Daniel M. Cislo, Esq.
                                    David B. Sandelands, Esq.

                                    Attorneys for Plaintiff,
                                    Mr. T

\\Srv-db\tmdocs\19-38042\Complaint for Trademark Infringement.docx

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477
WWW.CISLO.COM

13